Elissa Gershon, State Bar No. 169741
Elissa.Gershon@disabilityrightsca.org
Anne Hadreas, State Bar No. 253377
Anne.hadreas@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA  94612
Telephone:  (510) 267-1200
Fax:  (510) 267-1201

Betsy Havens, State Bar No. 296842
Betsy.Havens@disabilityrightsca.org
Marilyn Holle, State Bar No. 61530
Marilyn.Holle@disabilityrightsca.org
350 South Bixel Street, Suite 290
Los Angeles, California 90017
Telephone: (213) 213-8000
Fax: (213) 213-8001

Attorneys for Plaintiffs JERRY THOMAS,
SEAN BENISON, ARTHUR CONGDON, and IN SPIRIT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY THOMAS, by and through his *guardian ad litem* BEVERLY THOMAS, SEAN BENISON, ARTHUR CONGDON, and IN SPIRIT<br><br>Plaintiff(s),<br><br>vs.<br><br>JENNIFER KENT, Director of the Department of Health Care Services, State of California DEPARTMENT OF HEALTH CARE SERVICES<br><br>Defendant(s). | Case Number: 14-CV-08013-FMO(AGRx)<br><br>**ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>Courtroom:    22, 5th Floor<br>Judge:            Hon. Fernando M. Olguin<br>Trial Date:     N/A<br>Action Filed:  10/16/2014 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

Pursuant to Local Rule 7-1, Plaintiffs Jerry Thomas, by and through his *Guardian Ad Litem* Beverly Thomas, Arthur Congdon, Sean Benison, and IN SPIRIT  (Plaintiffs) and Defendants Director Jennifer Kent (Director Kent) and California Department of Health Care

-1-
*Jerry Thomas et al. v. Jennifer Kent, DHCS;* 14-CV-08013 FMO (AGRx)
Proposed Order re Discovery of Electronically Stored Information

Services (Department) (collectively, the Parties), by and through their respective counsel of record, hereby submit the following Proposed Order:

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, and any other applicable guidelines, orders and rules.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with the Federal Rules of Civil Procedure with respect to discovery of ESI.

3. **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Elissa Gershon, Esq. and/or Betsy Havens, Esq. will be the e-discovery liaisons for Plaintiffs.  Kenneth Wang, Esq. will be the e-discovery liaison for Defendants.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.  To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

    a)     ESI has been preserved pursuant to the applicable record retention schedule of the Long Term Care Division of the Department.  The Parties will not intentionally delete any ESI that still exists and will preserve any ESI that is received or generated by the custodians identified pursuant to paragraph (c)

below (Section 4(c)) during the pendency of the instant action.

b) The Parties agree that the Parties need not preserve, continue to preserve, or provide a privilege log for the following categories of ESI:

1. Voicemail messages;
2. Other electronic data, except for emails, stored on Personal Digital Assistant (including but not limited to cell phones and other handheld electronic devices), such as calendar, or contact data, or notes;
3. Logs of calls and/or instant messages made to or from cellular phones;
4. Files that are not user-created, user-maintained, or user-accessible, including temporary or cache files, internet history, webpage and browser cache files, cookie files, and file fragments, wherever located;
5. Data from photocopier or fax machines, although faxed and copied documents do need to be preserved;
6. Autosaved copies of electronic documents and system folders and files;
7. Duplicate copies of an electronic message sent to multiple recipients so long as the copy retained accurately reflects all recipients of the email and the entire contents of the email, including all attachments; and
8. Backup files that duplicate documents that are otherwise preserved.

c) The parties will agree on the number and identity of custodians per party for whom ESI will be preserved.

d) The Parties agree to meet and confer to determine if there are any data sources that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B). ESI from these sources will be preserved but not searched, reviewed, or produced.

e) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: voicemail messages, instant messaging, and data from photocopier or fax machines. There may be other items that could not be reasonably accessed and should not preserved under the

proportionality factors. The Parties agree to further meet and confer regarding those additional items should they exist.

f) Parties agree to notify each other prior to destroying data pursuant to this Section (4)(a) of this Stipulation.

**5. PROVISIONS FOR PRODUCTION OF DOCUMENTS AND ESI**

**(A) Production Formats**

The Parties agree to produce emails and databases (e.g., Excel, Access, etc.), in native electronic format wherever practicable with metadata (to the extent that it exists), except as otherwise described above in Section 4. Such documents shall also be produced as searchable Summation-readable load file, or if not possible, then searchable PDF files, and Bates stamped as set forth in Section 5(C) below. Other documents (e.g., Word, PDF, etc.) shall be produced as searchable Summation-readable load files, or if not possible, then searchable PDF files and Bates stamped as set forth in Section 5(C) below. If provided as PDF files, then each document, including any attachments, to the extent possible, shall be saved separately from other documents.

However, the Parties agree that if certain ESI is not "reasonably accessible," the Parties will meet and confer regarding the nature and extent of those documents and the reasons for the proposed nonproduction.

If particular documents warrant production in a different format than its native electronic format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The Parties agree not to degrade the searchability of documents as part of the document production process.

In addition, the Parties also agree to the following:

1. The Parties shall file a protective order with regard to Plaintiffs' protected health information. Thus, the Parties agree to provide electronic records that contain protected health information, to the extent it exists, pursuant to a protective order. In the event that a party needs to redact a portion of a document, the Parties will meet and confer in good faith with the aim for the

records to be provided in the native format where practicable, with measures taken to protect privacy.  Should a document be redacted, redactions will be noted in a privilege log.

2. The producing Party shall provide passwords for any password-protected files, subject to the exception set forth in Section 4 of this Stipulation.  If software is required to open encrypted files, the Party producing the encrypted files must provide the software.  If the producing Party is unable to provide such software, the Parties shall meet and confer regarding the production of the encrypted files.

3. The Parties shall meet and confer regarding production of ESI contained within a proprietary database or any other ESI contained within a proprietary database or any other ESI the producing party is either incapable of or legally prohibited from accessing or providing the requesting party with access.

**(B)  Organization of Files**

Native files shall be produced in a directory named NATIVE with the proper Windows-associated extension, using reasonable methods and recognizing the file name limitations in Windows.  Native documents should be separately saved from PDF files unless the PDF is the native document format.

**(C)  Bates Numbering.**

The Parties agree to produce all imaged documents with a legible, unique page identifier ("Bates Number") electronically "burned" onto the image in the lower right hand corner and make reasonable efforts to not obliterate, conceal, or interfere with any information from the source document.   The Bates numbering convention shall be in the format "XX#######" where "XX" represents the short character abbreviation for the producing party and "#######" represents the seven-digit sequential number of the page being produced by that party.  For Plaintiffs, the prefixes agreed upon are the clients' initials; for documents that are not pertaining directly to a plaintiff, the prefix will be "PL."  For Defendants, the prefix will be "DHCS."  For documents in native format that do not allow for a Bates number to be "burned" onto the page, the parties agree to provide a unique document

-5-

ID number for each document and to refer to each document by the first three and last three characters of its corresponding document ID number.  For documents produced in their native format, Parties shall also provide a corresponding PDF of the document that is Bates stamped.

**(D)** The Parties agree to produce documents on CDROM, DVD, flash drive, or external hard drive, (the "Production Media"), or via a Cloud repository, depending on the volume of the production.  If the producing party has security concerns regarding the production of some ESI, the producing party shall timely notify the requesting party of those concerns and the parties shall meet and confer prior to the production of such ESI.  Each piece of Production Media shall identify a production number corresponding to the production "wave" and a number of the volume of material in the wave. For example, if the first production wave by a Party comprises document images on three hard drives, the Party shall label each hard drive in the following manner in numeric sequence: "001.001"; "001.002"; "001.003."  If the second production comprises three DVDs, the Party shall label each DVD in the following manner in numeric sequence: "002.001"; 002.002"; "002.003." Additional information that shall be identified on the physical Production Media shall include: (1) the case number, (2) the producing party's name, and (3) the production date.

**(E)** **Load File**

The Parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with Summation or a similar program.

**6.** **DOCUMENTS PROTECTED FROM DISCOVERY**

The Parties agree that by preserving ESI for the purpose of this litigation, they are not conceding that such material is discoverable, nor are they waiving any claim of privilege. Nothing in this Order shall alter the responsibilities or obligations of the Parties to provide a privilege log for material withheld under a claim of privilege.

//

//

//

**7.     PRIVILEGED DOCUMENTS**

**(A)**     When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

**(i)**     expressly make the claim; and
**(ii)**    describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

**(B)**     *Information Produced.*  If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The producing party must preserve the information until the claim is resolved.

**10.     COSTS OF DOCUMENT PRODUCTION**

The parties agree to bear their own reasonable costs for production of ESI, including the cost of preparing and mailing of CDs.  The parties will meet and confer if costs for the production of certain ESI are unduly burdensome.

**11.     REQUIREMENT TO CONFER**

Before filing any motion regarding the terms of this Stipulation and Order, compliance with this Stipulation and Order, or any other discovery dispute, the Parties will first meet and attempt to resolve such disputes.

//

//

//

**12.  MISCELLANEOUS**

The terms of this Stipulation and Order are not exhaustive.  Each Party reserves the right to address any matters concerning electronic discovery in this litigation which have not been addressed herein.

**13.  MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**STIPULATED AND AGREED TO BY:**

DATED:  May 1, 2015                      DISABILITY RIGHTS CALIFORNIA
                                         Elissa Gershon
                                         Betsy Havens
                                         Anne Hadreas
                                         Marilyn Holle


                                         By: /s/
                                             Elissa Gershon
                                         Attorneys for Plaintiffs Jerry Thomas, by and
                                         through his *Guardian Ad Litem* Beverly Thomas,
                                         Arthur Congdon, Sean Benison, and IN SPIRIT


DATED: May 1, 2015                       ATTORNEY GENERAL OF CALIFORNIA
                                         KAMALA D. HARRIS
                                         Attorney General of California
                                         JENNIFER M. KIM
                                         Supervising Deputy Attorney General
                                         KENNETH K. WANG
                                         Deputy Attorney General



                                         By:         /s/
                                             Kenneth K. Wang
                                         Attorneys for Defendants Jennifer Kent and
                                         Department of Health Care Services

///

1     **IT IS ORDERED** that the forgoing Agreement is approved.

2

3

4 Dated: May 5, 2015

                                          The Hon. Alicia Rosenberg

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-
*Jerry Thomas et al. v. Jennifer Kent, DHCS;* 14-CV-08013 FMO (AGRx)
Order re Discovery of Electronically Stored Information