**MANDATORY CHAMBERS COPY**

1  Elissa Gershon, State Bar No. 169741
   Elissa.Gershon@disabilityrightsca.org
2  Anne Hadreas, State Bar No. 253377
   Anne.hadreas@disabilityrightsca.org
3  Deborah Gettleman, State Bar No. 267309
   Deborah.gettleman@disabilityrightsca.org
4  DISABILITY RIGHTS CALIFORNIA
   1330 Broadway, Suite 500
5  Oakland, CA  94612
   Telephone:  (510) 267-1200
6  Fax:  (510) 267-1201

7
   Betsy Havens, State Bar No. 296842
8  Betsy.Havens@disabilityrightsca.org
   Marilyn Holle, State Bar No. 61530
9  Marilyn.Holle@disabilityrightsca.org
   DISABILITY RIGHTS CALIFORNIA
10 350 South Bixel Street, Suite 290
   Los Angeles, California 90017
11 Telephone: (213) 213-8000
   Fax: (213) 213-8001
12

13 [Additional Counsel on following page]

14 Attorneys for Plaintiffs JERRY THOMAS,
   SEAN BENISON, and JUAN PALOMARES
15

NOTE CHANGES MADE BY THE COURT.

NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY THOMAS, et al. | Case Number: 14-CV-08013-FMO(AGRx) |
| Plaintiff(s), | [~~PROPOSED~~] **PROTECTIVE ORDER CONCERNING DISCLOSURE OF INFORMATION FOR NAMED PLAINTIFFS** |
| vs. | |
| JENNIFER KENT, et al. | |
| Defendant(s). | Courtroom:  B – 8th Floor<br>Judge:  Hon. Alicia G. Rosenberg<br>Trial Date:  4/26/2016<br>Action Filed: 10/16/2014 |

NOTE CHANGES MADE BY THE COURT.

1  Robert D. Newman, State Bar No. 86534
   rnewman@wclp.org
2  Mona Tawatao, State Bar No. 128779
   mtawatao@wclp.org
3  Sue Himmelrich, State Bar No. 110664
4  shimmelrich@wclp.org
   WESTERN CENTER ON LAW AND POVERTY
5  3701 Wilshire Boulevard, Suite 208
6  Los Angeles, CA 90010-2826
   Telephone: (213) 487-7211
7  Facsimile: (213) 487-0242

*JERRY THOMAS ET AL. V. JENNIFER KENT, DHCS;* 14-CV-08013 FMO (AGRx): [PROPOSED] PROTECTIVE ORDER CONCERNING DISCLOSURE OF INFORMATION FOR NAMED PLAINTIFFS

Following stipulation between counsel of record for the parties that good cause exists for a protective order, pursuant to 45 C.F.R. § 164.512 and Local Rule 7-1; and good cause having been shown;

IT SO ORDERED *with the changes made by the court on the attached order.*

Date: 9/25/15

By: *Alicia G. Rosenberg*
Honorable Alicia G. Rosenberg

1

**MANDATORY CHAMBERS COPY**

1  Elissa Gershon, State Bar No. 169741
   Elissa.Gershon@disabilityrightsca.org
2  Anne Hadreas, State Bar No. 253377
   Anne.hadreas@disabilityrightsca.org
3  Deborah Gettleman, State Bar No. 267309
   Deborah.gettleman@disabilityrightsca.org
4  DISABILITY RIGHTS CALIFORNIA
5  1330 Broadway, Suite 500
   Oakland, CA 94612
6  Telephone: (510) 267-1200
   Fax: (510) 267-1201
7
8  Betsy Havens, State Bar No. 296842
   Betsy.Havens@disabilityrightsca.org
9  Marilyn Holle, State Bar No. 61530
   Marilyn.Holle@disabilityrightsca.org
10 DISABILITY RIGHTS CALIFORNIA
   350 South Bixel Street, Suite 290
11 Los Angeles, California 90017
   Telephone: (213) 213-8000
12 Fax: (213) 213-8001

13 [Additional Counsel on following page]

14 Attorneys for Plaintiffs JERRY THOMAS,
   SEAN BENISON, and JUAN PALOMARES

*NOTE CHANGES MADE BY THE COURT.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY THOMAS, et al. | Case Number: 14-CV-08013-FMO(AGRx) |
| Plaintiff(s), | **STIPULATION REGARDING PROTECTIVE ORDER CONCERNING DISCLOSURE OF INFORMATION FOR NAMED PLAINTIFFS** |
| vs. | |
| JENNIFER KENT, et al. | Courtroom: B – 8th Floor |
| Defendant(s). | Judge: Hon. Alicia G. Rosenberg |
| | Trial Date: 4/26/2016 |
| | Action Filed: 10/16/2014 |

*NOTE CHANGES MADE BY THE COURT.*

---

*JERRY THOMAS ET AL. V. JENNIFER KENT, DHCS;* 14-CV-08013 FMO (AGRx): STIPULATION REGARDING PROTECTIVE ORDER CONCERNING DISCLOSURE OF INFORMATION FOR NAMED PLAINTIFFS

1  Robert D. Newman, State Bar No. 86534
   rnewman@wclp.org
2  Mona Tawatao, State Bar No. 128779
   mtawatao@wclp.org
3  Sue Himmelrich, State Bar No. 110664
4  shimmelrich@wclp.org
5  WESTERN CENTER ON LAW AND POVERTY
   3701 Wilshire Boulevard, Suite 208
6  Los Angeles, CA 90010-2826
7  Telephone: (213) 487-7211
   Facsimile: (213) 487-0242
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    IT IS HEREBY STIPULATED between counsel of record for the parties that
2 good cause exists for the following protective order, pursuant to 45 C.F.R. § 164.512 and
3 Local Rule 7-1:
4    1.    This order pertains to the following individuals JERRY THOMAS,
5 ARTHUR CONGDON, SEAN BENISON, and JUAN PALOMARES as well as any
6 other subsequently named plaintiffs or witnesses whose confidential medical information
7 is disclosed.
8    2.    The following information may be released to counsel to the parties in this
9 action:
10       a) Protected Health Information as defined by the Health Insurance
11          Portability and Accountability Act of 1996 (HIPAA), as set forth in 45
12          C.F.R. § 160.103; including:
13       b) Confidential mental health and/or HIV/AIDS information.
14    3.    The Court imposes the following protective order, in the use of the records
15 ordered disclosed in this litigation:
16    a)    No information or records containing any of the above information may be
17 disclosed to any person other than to 1) party to this action; 2) counsel for any party to
18 this action; 3) any persons regularly employed by or associated with such counsel,
19 including the support staff such as the paralegals, secretaries, law clerks, investigators,
20 and other attorneys; 4) experts and consultants retained or consulted by counsel for any
21 party to this action for the purpose of rendering an expert opinion in this litigation; 5)
22 any witnesses, testifying at deposition or trial, and to their counsel, to the extent
23 necessary for and relevant to the testimony of such witnesses; 6) to the Court, relative to
24 any proceeding in this matter; and, 7) in accordance with the rules of evidence and civil
25 procedure. Any outside party that receives the documents, including experts,
26 consultants, mediators, and arbitrators, shall store the information in a secure setting and
27 use it only for purposes related to this litigation, shall sign a confidentiality agreement
28

1

1  memorializing this order, and shall destroy such information at the conclusion of this
2  litigation.

3      b)    Consistent with HIPAA requirements set forth in 45 C.F.R. § 164.512:

4      i) Protected health information produced by either party in this litigation is
5  prohibited from being used or disclosed by the Defendants for any purpose other than the
6  litigation herein and for issues related to a plaintiff's receipt of Nursing Facility/Acute
7  Hospital waiver services; and

8      ii) Any protected health information disclosed or produced in the course of
9  this litigation and all copies made therefrom shall remain in the custody of the attorneys
10 of record of all parties, who will be responsible for restricting disclosure in accordance
11 with the provision of this Protective Order. Any party that attempts to file with the court
12 any documents covered in this protective order shall make every effort to comply with
13 Civil Local Rule 79-5 in filing such documents [with an application to file] under seal, particularly for highly
14 confidential medical information including mental health and HIV/AIDS records. Any
15 such records remaining in or returned to the custody of attorneys for the parties shall be
16 destroyed at the conclusion of this litigation.

17     iii) Nothing in this order prohibits individuals from disclosing their own
18 protected health information if they so choose.

19     c)    Medical records and information pertaining to Plaintiffs and witnesses shall
20 be presumed to be covered by this Protective Order. If there is a dispute as to whether
21 disclosed information qualifies as protected health information, the Challenging Party
22 (define "Challenging Party") shall initiate the dispute resolution process under Local
23 Rule 37.1 et seq. If the parties cannot resolve the dispute, they will bring the issue to the
24 Court's attention. The burden of persuasion in any such challenge proceeding shall be
25 on the Designating Party (define "Designating Party"). Unless the Designating Party has
26 waived or withdrawn the confidentiality designation, all parties shall continue to afford
27
28

2

*JERRY THOMAS ET AL. V. JENNIFER KENT, DHCS*; 14-CV-08013 FMO (AGRx): STIPULATION REGARDING
PROTECTIVE ORDER CONCERNING DISCLOSURE OF INFORMATION FOR NAMED PLAINTIFFS

the material in question the level of protection to which it is entitled under the Producing Party's (define "Producing Party") designation until the Court rules on the challenge.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: September 24, 2015   By: /s/ Anne Hadreas
    Anne Hadreas
    Attorneys for Plaintiffs

    Kamala Harris
    Attorney General
    Kenneth K. Wang

    By: /s/ Kenneth Wang
    Kenneth K. Wang
    Deputy Attorney General
    Attorneys for Defendants

Filer's Attestation: Pursuant to General Order No. 45, § X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from each of its signatories.

Dated: September 24, 2015   By: /s/ Anne Hadreas
    Anne Hadreas
    Attorneys for Plaintiffs

3

*JERRY THOMAS ET AL. V. JENNIFER KENT, DHCS*; 14-CV-08013 FMO (AGRx): STIPULATION REGARDING PROTECTIVE ORDER CONCERNING DISCLOSURE OF INFORMATION FOR NAMED PLAINTIFFS