Elissa Gershon, State Bar No. 169741
Elissa.Gershon@disabilityrightsca.org
Anne Hadreas, State Bar No. 253377
Anne.hadreas@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA  94612
Telephone:  (510) 267-1200
Fax:  (510) 267-1201

Betsy Havens, State Bar No. 296842
Betsy.Havens@disabilityrightsca.org
Marilyn Holle, State Bar No. 61530
Marilyn.Holle@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
350 South Bixel Street, Suite 290
Los Angeles, California 90017
Telephone: (213) 213-8000
Fax: (213) 213-8001

[Additional Counsel on following page]

Attorneys for Plaintiffs JERRY THOMAS, SEAN BENISON, and JUAN PALOMARES

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY THOMAS, et al.<br><br>       Plaintiffs,<br><br>vs.<br><br>JENNIFER KENT, et al.<br><br>       Defendants. | Case Number: 14-CV-08013-FMO(AGRx)<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION TO FILE MOTION TO STRIKE OR, IN THE ALTERNATIVE, SURREPLY; MOTION TO STRIKE OR, IN THE ALTERNATIVE, SURREPLY IN RESPONSE TO DEFENDANTS' NEW INFORMATION RELATED TO DEFENDANTS' REPLY TO THE OPPOSITION TO THE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:        Hon. Fernando M. Olguin<br>Trial Date:   7/12/2016<br>Action Filed: 10/16/2014 |

Robert D. Newman, State Bar No. 86534
rnewman@wclp.org
Mona Tawatao, State Bar No. 128779
mtawatao@wclp.org
Sue Himmelrich, State Bar No. 110664
shimmelrich@wclp.org
WESTERN CENTER ON LAW AND POVERTY
3701 Wilshire Boulevard, Suite 208
Los Angeles, CA 90010-2826
Telephone: (213) 487-7211
Facsimile: (213) 487-0242

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT in accordance with Central District of California Local Rule 7-19, Plaintiffs hereby seek leave to file a Motion to Strike, or in the Alternative, Surreply, attached hereto, regarding Defendants' introduction of untimely new evidence in support of their Motion to Dismiss and in Opposition to Plaintiffs' Motion for Summary Judgment.

Defendants' Counsel was notified of this Application on April 20, 2016 via telephone.  Havens Dec. ¶8.

Contact Information for Counsel for Defendants California Department of Health Care Services and Director Jennifer Kent:

KAMALA D. HARRIS
Attorney General of California
JENNIFER M. KIM
Supervising Deputy Attorney General
KENNETH K. WANG
Deputy Attorney General
MICHAEL T. GUITAR
Deputy Attorney General
300 S. Spring Street, No. 1702
Los Angeles, CA 90013
Telephone:  (213)-897-2451
Fax:  (213) 897-2805
Kenneth.wang@doj.ca.gov

Dated: April 21, 2016            Respectfully submitted,

                                 DISABILITY RIGHTS CALIFORNIA
                                 WESTERN CENTER ON LAW AND POVERTY


                          By:    /s/ Betsy Havens
                                 Betsy Havens
                                 Attorneys for Plaintiffs

i

THOMAS V. KENT, DHCS; 14-CV-08013 FMO (AGRx) PLAINTIFFS' EX PARTE APPLICATION FOR MOTION TO STRIKE OR, IN THE ALTERNATIVE SURREPLY; MOTION TO STRIKE OR, IN THE ALTERNATIVE, SURREPLY

## I. INTRODUCTION

Plaintiffs seek leave of Court to move to strike new evidence submitted by Defendants after the parties' dispositive motions were taken under submission by the Court or, alternatively, to file a Surreply responding to Defendants' new evidence. This Motion addresses: (1) Rebecca Schupp's supplemental declaration and second supplemental declaration in support of Defendants' Reply to the Opposition to the Motion to Dismiss (ECF Nos. 133-1; No. 136-1), (2) Ms. Schupp's supplemental declaration and second supplemental declaration in support of Defendants' Supplemental Memorandum in Support of their Opposition to the Motion for Summary Judgment (ECF No. 132-1; ECF No. 137-1), and (3) the Nursing Facility/Acute Hospital ("NF/AH") Waiver Amendment attached to Ms. Schupps' second supplemental declarations for each respective motion (ECF No. 136-2, 136-3; ECF No. 137-2, 137-3).

## II. ARGUMENT

### A. Defendants' Proposed Draft Waiver Amendment is Untimely and Irrelevant and Should Be Stricken.

This is the second time in recent weeks that Defendants have filed evidence in support of their claims in both dispositive motions, months after the close of discovery on December 16, 2015, weeks after all the dispositive motion filing deadlines of March 30, 2016, without first seeking Court permission, and without any excuse for failing to file their evidence earlier. *See* Civ. L.R. 7-19. Moreover, Defendants have now twice failed to notify Plaintiffs' counsel of what are essentially *ex parte* filings, in violation of Civ. L.R. 7-19.1. Indeed, documents Defendants produced to Plaintiffs after filing their reply briefs on March 30 contain emails dating back to November 2015; these emails reveal that Defendants have been discussing this Waiver Amendment since at least November 2015. *See* Havens Dec. ¶ 2, Ex. A. These documents and reference to the topics they pertain to were actively concealed from Plaintiffs in discovery, even when Defendants were specifically asked at their deposition on January 20, 2016. *See* Havens Dec. ¶ 5, Ex. B.

1

*Thomas v. Kent, DHCS;* 14-CV-08013 FMO (AGRx) Plaintiffs' Ex Parte Application For Motion to Strike Or, In the Alternative, Surreply; Motion to Strike or, In the Alternative, Surreply

More important than the procedural violations, though, is the substantive irrelevance of the untimely filings. The facts remain that Plaintiffs still have not received complete relief, and Defendants still are violating the Americans with Disabilities Act, Section 504 of the Rehabilitation Act and California's state law equivalent. In their recently filed pleadings (ECF Nos. 136 & 137), Defendants have provided this Court with an unapproved application for a NF/AH Waiver Amendment that does not impact Plaintiffs' entitlement to relief. Even if this Waiver amendment eventually receives federal approval, it would still not comply with the federal discrimination laws at issue in this lawsuit nor would it pass the Ninth Circuit test for mootness. *See* Plaintiffs' Surreply, (ECF No. 130) at 4:11-6:6; *Rosebrock v. Mathis*, 745 F.3d 963 (9th Cir. 2014). This Court should strike Defendants' filings as untimely and improper, or otherwise disregard them as they have no impact on this case.[1] *See Thomas v. Sepulveda,* No. 14-CV-01157, 2014 WL 5409064 at * 1 (N.D. Cal. Oct. 23, 2014) (granting motion to strike documents filed after reply where documents were filed without prior Court approval and where material was irrelevant).

### B. Even if approved, DHCS' Waiver Amendment could not satisfy mootness requirements under *Rosebrock*.

DHCS' proposed Waiver Amendment would not pass the Rosebrock test for mootness because: 1) it lacks specificity in numerous ways; 2) it is not even approved, and federal approval could take between one and six months; and 3) when/if approved, it would only apply through the current Waiver year ending December 31, 2016. See Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF No. 109) 15:11-19:10, 8:7-11:22. See Rosebrock, 745 F.3d at 972. In Rosebrock, the Ninth Circuit articulated

---

[1] If, however, the Court considers the proposed Waiver Amendment to have any bearing on the pending motions, then Plaintiffs alternatively request that they be given a few weeks to conduct additional discovery on an expedited basis regarding the Waiver amendment process and intended administration of the new Waiver provisions, including deposing DHCS officials beyond the seven-hour limit if needed) and that Plaintiffs thereafter be allowed to file a further Surreply based on this additional discovery.

five factors to be weighed where a case is rendered moot by "voluntary cessation" of challenged conduct:

> [W]e have indicated that mootness is more likely if (1) the policy change is evidenced by language that is 'broad in scope and unequivocal in tone'; (2) the policy change fully "addresses all of the objectionable measures that [the Government] officials took against the plaintiffs in th[e] case"; (3) "th[e] case [in question] was the catalyst for the agency's adoption of the new policy"; (4) the policy has been in place for a long time when we consider mootness,; and (5) "since [the policy's] implementation the agency's officials have not engaged in conduct similar to that challenged by the plaintiff[ ]."

*Rosebrock*, 745 F.3d at 972 (9th Cir. 2014).

Rather than being "broad in scope and unequivocal in tone," and "address[ing] all objectionable measures," DHCS' Waiver Amendment application raises more questions than it answers. The Amendment states, without any further explanation, that "DHCS will determine the individual cost limit that is used for entrance into the waiver and authorization of services by using a cost limit in excess of institutional cost when it is determined that the NF/AH Waiver services costing in excess of institutional costs are medically necessary. . ." *See* Waiver Amendment (ECF Nos. 136-2 & 137-2) at 14. But DHCS fails to explain what dollar limit will be allowed. In other words, will the new cost limit in excess of institutional cost be adequate for Waiver applicants to receive services they need to live safely at home?

The Amendment further states that DHCS may authorize medically necessary services over the institutional cost limit, but specifies only certain Waiver services which may be considered—nursing, habilitation, and case management. *See* Waiver Amendment (ECF No. 136-2 & 137-2) at 14. Oddly, the Amendment does not permit consideration of medically necessary Waiver Personal Care Services ("WPCS") over the

3

*Thomas v. Kent, DHCS;* 14-CV-08013 FMO (AGRx) Plaintiffs' Ex Parte Application For Motion to Strike Or, In the Alternative, Surreply; Motion to Strike or, In the Alternative, Surreply

cost limit. *See id.* Plaintiff Palomares, for instance, would not benefit from this Waiver Amendment, since he requires 24-hour attendant care which includes WPCS.

Within these limitations, the proposed Waiver Amendment gives DHCS Medical Consultants discretion to, but does obligate them to, authorize medically necessary Waiver services over the cost limits for Waiver applicants. *See id.* at 14. As to those already enrolled on the Waiver, DHCS Medical consultants may only authorize Waiver services "with a total cost less than or equal to" the exact same individual cost limits listed in the current NF/AH Waiver and challenged by this lawsuit. *Compare* Waiver Amendment (ECF No. 136-2 & 137-2) at 15 (cost limits included in the Waiver Amendment) *with* Parties' Statement of Uncontroverted Facts (ECF No. 113) P55-P60 (undisputed facts showing the current individual cost limits which are admittedly lower than current institutional rates). The Amendment includes a new provision to allow the DHCS Medical Consultant to recommend "a second level review" to determine whether additional services requested by an applicant or participant are medically necessary, but the Amendment is silent as to what process or criteria would be used in this second level review. Furthermore, the second level review is not mandatory nor does it appear that such a review may be requested by the Waiver participant. *See* Waiver Amendment (ECF No. 136-2 & 137-2) at 15.

Finally, the Waiver Amendment is not even approved and approval could take as long as six months, which would far exceed the duration of this case.[2] And even if approved, the Waiver Amendment does not appear to have any bearing on the new NF/AH Waiver which will go into effect on January 1, 2017. Defendants have not promised that these or similar provisions related to the cost limits would be included in their renewed Waiver. In fact, the stakeholder group tasked with the development of the

---

[2] *See* Centers for Medicare & Medicaid Services, *Options for Meidcaid Payments in the Implementation of the Fair Labor Standards Act Regulation Changes,* CMCS INFORMATIONAL BULLETIN, January 8, 2016, *available at* https://www.medicaid.gov/federal-policy-guidance/downloads/CIB-01-08-16.pdf.

renewed NF/AH Waiver has never been provided with a copy of this Waiver Amendment. Havens Dec. ¶¶6-7  Despite a stakeholder meeting scheduled for April 20, 2015 regarding cost neutrality, DHCS' PowerPoint presentation for the April 20 meeting made no reference to the Waiver Amendment or the intended individual cost limit changes proposed.  Havens Dec. ¶7, Ex. C.  In other words, Defendants are saying one thing to the Court and another thing to the stakeholders and general public.

As discussed in Plaintiffs' Opposition to Defendant's Motion to Dismiss, this Waiver Amendment, even if approved, would not be in place long enough to satisfy Defendant's heavy burden of showing that its illegal conduct is not likely to recur, as required under *Rosebrock*. *See* Pls. Opp. To Mot. To Dismiss (ECF No. 109) at 18 (discussing that the length of time policies were in place (three years in *Rosebrock,* 745 F.3d at 974 and 16 months in *White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000)) prior to the court' ruling was a notable factor in finding the claims moot).

Defendants' Waiver Amendment application falls far short of meeting *Rosebrock's* requirements in that it is not unequivocal in tone, has not been approved, and even if approved would only be temporary lasting a matter of months at most.  Thus, Plaintiffs' claims remain properly before the Court, and Defendants' evidence should be stricken or, in the alternative, disregarded.

**C.     Even if approved, the Waiver Amendment, the Amended Waiver would not satisfy DHCS' obligations under the ADA.**

Defendants' disclosure of the actual Waiver Amendment application confirms the assertions in Plaintiffs' Surreply that Defendants have failed to demonstrate that the proposed amended Waiver includes any of the elements required in order to be in compliance with the ADA.  Pls. Surreply (ECF No. 130) at 5:3-6:6; *see also* Plaintiffs' Supplemental Memorandum ("Pls. Supp. Mem.")  (ECF No. 116) at 7:1-8:12, n.7.  Despite the guidance contained in the Statement of Interest by the Department of Justice, the Waiver amendment application does not include, e.g., notice to Waiver participants about the availability of services that exceed the individual cost limit, a process to allow

5

individuals to seek review of a decision about requested services, nor guidance to all staff involved regarding the standards for determining whether someone is at serious risk of institutionalization. *See* Statement of Interest of the United States of America (ECF No. 112); Tom Perez letter to Governor Gregoire, *available at* http://www.ada.gov/olmstead/olmstead_cases_list2.htm.

Instead, the proposed Amendment merely provides that a DHCS Medical Consultant may authorize services above an undefined cost cap, and may recommend a second level of review to determine whether additional services requested by an applicant or participant are medically necessary or necessary to allow an individual to remain safely living in the community. *See* Waiver Amendment (ECF Nos. 136-2 & 137-2) at 14-15. DHCS fails to explain the criteria and standards that DHCS Medical Consultants must follow when authorizing such exceptions to the cost limit and/or seeking a second level review. DHCS has admitted that the Waiver document controls department decision-making. P76, P77. Without objective standards and processes contained or referenced in the Waiver itself, articulating how, if, and when an exception to the institutional cost limits will be authorized, Defendants still have not "implement[ed] any means of ensuring" that individuals who need care above the cost cap to avoid institutionalization actually receive it. *See Brantley v. Maxwell-Jolly,* 656 F. Supp. 2d 1161, 1174 (N.D. Cal. 2009); *see also discussion* Dep't of Justice Statement of Interest (ECF No. 112) at 6. Even if approved, these Waiver Amendment terms as they are written do not comport with the ADA or with Constitutional Due Process. *See* Pls.' Supp. Mem. (ECF No. 116) at 6:10-9:10; Parties' Joint Memorandum (ECF No. 101) at 47-49.

Not only would the Amendment fail to satisfy DHCS' obligations under federal law, the Amendment also would not impact Plaintiffs directly. DHCS argues that it has already provided Plaintiffs with all medically necessary services, despite Plaintiffs' repeated and unfulfilled requests for around-the-clock care. *See* Plaintiffs' Surreply (ECF No. 130) at 6:24-7:6. Plaintiffs' ongoing concerns about being able to access currently

6

*Thomas v. Kent, DHCS;* 14-CV-08013 FMO (AGRx) Plaintiffs' Ex Parte Application For Motion to Strike Or, In the Alternative, Surreply; Motion to Strike or, In the Alternative, Surreply

1 approved or additional services in the future if needed, along with their serious risk of
2 institutionalization, cannot be addressed by this vague and temporary Waiver
3 Amendment. *See* Benison Dec (ECF No. 107-10 (redacted), ECF No. 127-33
4 (unredacted)) at ¶ 26; Palomares Dec. (ECF No. 107-11 (redacted), ECF No. 127-
5 34(unredacted)) at ¶15; Thomas Dec. (ECF No. 107-12 (redacted), ECF No. 127-35
6 (unredacted)) at ¶ 15; Pls. Supp. Memo. (ECF No. 116) at 1:26-2:14.

Thus, even if CMS approves DHCS' planned Waiver Amendment, it will make no difference to Plaintiffs nor obviate the need for this Court's intervention. Plaintiffs' claims for declaratory and injunctive relief remain, and this Court should strike these documents, or proceed with resolution of this case on the merits without any consideration of Defendants' proposed Waiver amendment.

**D.     Should the Court Allow Defendants' New Evidence, including the Waiver Amendment, Plaintiffs request an Order to Allow for Additional Discovery.**

If the Court decides that Defendants' newly submitted evidence, including the Waiver Amendment, should be received in evidence, Plaintiffs request the Court allow them the opportunity to conduct additional, limited discovery on this new evidence and to file a further Surreply. Specifically, Plaintiffs would seek discovery regarding DHCS' communications with CMS about the Waiver Amendment and Waiver renewal. As noted above, Defendants waited until after all briefing was completed to serve Plaintiffs with communications with CMS with dates ranging from November 25, 2015 to April 1, 2016 regarding the Waiver Amendment. Havens Dec. ¶ 2. Based on Ms. Schupp's declarations, there appear to be additional communications that are outstanding. *Compare* Schupp Dec. (ECF Nos. 136-1 & 137-1) at ¶¶4-5 (alluding to communications between DHCS and CMS after April 1, 2016) *with* Havens Dec. ¶ 2, Ex. A. Plaintiffs would also seek to depose the Defendants regarding the development of the Waiver amendment, their intended implementation of the Waiver Amendment, and clarification of the Waiver Amendment terms in order to avoid prejudice to Plaintiffs. Plaintiffs

would need Court permission to exceed the seven-hour limit per deponent if Defendants produce Ms. Schupp or Ms. King-Broomfield.  Plaintiffs would also ask that they be given the opportunity to submit additional evidence regarding this discovery.

### III.   CONCLUSION

Plaintiffs request that this Court strike all references to the Waiver Amendment, including (1) Rebecca Schupp's supplemental declaration, and second supplemental declaration in support of Defendants' Reply to the Opposition to the Motion to Dismiss (ECF No. 133-1; No. 136-1), (2) Schupp's  supplemental declaration, and second supplemental declaration in support of Defendants' Supplemental Memorandum in Support of their Opposition to the Motion for Summary Judgment (ECF No. 132-1; ECF No. 137-1), and (3) the Waiver Amendment attached to Schupps' second supplemental declarations for each respective motion (ECF No. 136-2, 136-3; ECF No. 137-2, 137-3) or alternatively allow Plaintiffs to file this Surreply.  In the alternative, Plaintiffs request that the Court give no weight to this "evidence" and proceed on Plaintiffs' and Defendants' motions accordingly.

Dated: April 21, 2016            Respectfully submitted,

                                        DISABILITY RIGHTS CALIFORNIA
                                        WESTERN CENTER ON LAW AND POVERTY

                                        By:   */s/* Betsy Havens
                                                  Betsy Havens
                                                  Attorneys for Plaintiffs

8

*Thomas v. Kent, DHCS*; 14-CV-08013 FMO (AGRx) Plaintiffs' Ex Parte Application For Motion to Strike Or, In the Alternative, Surreply; Motion to Strike or, In the Alternative, Surreply