Elissa Gershon, State Bar No. 169741
Elissa.Gershon@disabilityrightsca.org
Anne Hadreas, State Bar No. 253377
Anne.hadreas@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA  94612
Telephone:  (510) 267-1200
Fax:  (510) 267-1201

Betsy Havens, State Bar No. 296842
Betsy.Havens@disabilityrightsca.org
Marilyn Holle, State Bar No. 61530
Marilyn.Holle@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
350 South Bixel Street, Suite 290
Los Angeles, California 90017
Telephone: (213) 213-8000
Fax: (213) 213-8001

[Additional Counsel on following page]

Attorneys for Plaintiffs JERRY THOMAS, SEAN BENISON, and JUAN PALOMARES

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY THOMAS, et al.<br><br>　　　　Plaintiff(s),<br><br>　　vs.<br><br>JENNIFER KENT, et al.<br><br>　　　　Defendant(s). | Case Number: 14-CV-08013-FMO(AGRx)<br><br>**PLAINTIFFS' EX PARTE APPLICATION TO FILE SURREPLY; SURREPLY IN RESPONSE TO DEFENDANTS' REPLY RE MOTION TO STAY**<br><br>Hearing:　　September 8, 10 a.m.<br>Courtroom:　22, 5th Floor<br>Judge:　　　Hon. Fernando M. Olguin<br>Trial Date:　10/11/2016<br>Action Filed:　10/16/2014 |

1  Robert D. Newman, State Bar No. 86534
   rnewman@wclp.org
2  Mona Tawatao, State Bar No. 128779
3  mtawatao@wclp.org
   Sue Himmelrich, State Bar No. 110664
4  shimmelrich@wclp.org
5  WESTERN CENTER ON LAW AND POVERTY
   3701 Wilshire Boulevard, Suite 208
6  Los Angeles, CA 90010-2826
7  Telephone: (213) 487-7211
   Facsimile: (213) 487-0242

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT in accordance with Central District of California Local Rule 7-19, Plaintiffs hereby make this ex parte application for leave to file a Surreply, attached hereto, limited to Plaintiffs' corrections and objections to Defendants' misstatements in their Reply to the Motion to Stay ("Reply"), ECF No. 184, regarding a purported stipulation between the parties when there is no such stipulation. Plaintiffs further seek to shorten the time for the parties' filing supplemental briefs by 10 days, from September 29, 2016, to September 19, 2016, in connection with Plaintiffs' third Motion for Summary Judgment to expedite the Court's decision on that Motion.

Defendants' Counsel was notified of this Application on August 24, 2016 via email, and again on August 25, 2016, when they refused to correct their misrepresentations. Declaration of Elissa Gershon ("Gershon Dec."), ¶ 7.

Dated: August 25, 2016    Respectfully submitted,

DISABILITY RIGHTS CALIFORNIA
WESTERN CENTER ON LAW AND POVERTY

By:    /s/
Elissa Gershon
Attorneys for Plaintiffs

# SURREPLY TO MOTION TO STAY

## I. INTRODUCTION

Plaintiffs seek leave of Court to file this Surreply to object to and correct Defendants' misstatements concerning a stipulation discussed but *never entered or executed* by the parties.

Once again, Defendants are not giving an accurate account of the facts. Specifically, it is not true that "Plaintiffs have agreed to continue the estimated three-week trial to November 28, 2016," (Reply, pp. 2, 9).[1] At one point Plaintiffs discussed with Defendants the possibility of extending the time for trial preparation but that it was only in the context of *reducing the time by 10 days for filing supplemental briefs* relating to Plaintiffs' third motion for summary judgment. Plaintiffs expect that the summary judgment motion should fully resolve this lawsuit and so the sooner the motion is decided the better. Meanwhile, the parties' discussion would have also committed Defendants to an earlier hearing date on Plaintiffs' summary judgment motion and, if necessary, to a set trial date in November of this year, which would have effectively negated Defendants' instant stay motion.

Plaintiffs have stated in every draft of the proposed stipulation that they "have grave concerns about any further delay in this case, as harm to Plaintiffs continues." Gershon Dec., ¶¶ 3, 5, 6 and Exs. B, D. Defendants have, however, made clear in this Reply and in their belated edits to the proposed stipulation that their goal was delay, rather than the expeditious resolution of this case. As there has been and will be no meeting of the minds, Plaintiffs have now abandoned their efforts to enter into any such stipulation. This Surreply accordingly seeks to correct the record and to expedite supplemental briefing on Plaintiffs' third motion for summary judgment.

## II. DEFENDANTS HAVE MISSTATED THE FACTS IN THEIR REPLY.

---

[1] The parties' prior estimate of a three-week trial is no longer accurate. In the event that the summary judgment motion is not granted, Plaintiffs estimate that this bench trial is likely to take four to five days.

1

*JERRY THOMAS ET AL. V. JENNIFER KENT, DHCS;* 14-CV-08013 FMO (AGRx) PLAINTIFF'S EX PARTE APPLICATION FOR SURREPLY; SURREPLY

1    Plaintiffs have consistently resisted Defendants' efforts to delay resolution of this
2 matter, as the Court acknowledged in its August 4, 2016, order, "The court is cognizant
3 of the additional delay and potential costs incurred by plaintiffs as a result of defendants'
4 conduct." ECF No. 170. In agreeing to discuss the possibility of continuing the trial date,
5 and only the trial date, Plaintiffs hoped to expedite the hearing of their summary
6 judgment motion and to avoid unnecessary pre-trial preparation if the motion is granted
7 or if certain issues are eliminated. Gershon Dec., ¶ 3.
8    Defendants imply that Plaintiffs are not concerned about the extreme delays
9 caused by Defendants in this lawsuit. This is precisely why Plaintiffs insisted on
10 inclusion of the sentence, "Plaintiffs have grave concerns about any further delay in this
11 case, as harm to Plaintiffs continues." In the drafts of the Stipulation received from
12 Defendants, however, they struck this crucial language. Gershon Dec., ¶ 5, Ex. C, E.
13 This was unacceptable to Plaintiffs. Gershon Dec., ¶ 6. In addition, every version of the
14 Stipulation approved by Plaintiffs also stated: "The parties agree that the trial and pretrial
15 dates should be continued by the minimum amount of time necessary to allow the Court
16 time to rule upon the parties' motions and to allow the Parties to prepare for trial based
17 on any remaining disputed issues of fact identified by the Court." Gershon Dec., ¶¶ 2, 3,
18 Exs. B, D. Yet Defendants sought to strike the phrase "based on any remaining disputed
19 issues of fact identified by the Court." Gershon Dec., Ex. E. This too was a deal-breaker.
20 Gershon Dec., ¶ 7.
21    Plaintiffs never would have signed a stipulation that failed to acknowledge the
22 urgency of their claims or postponed the hearing on their summary judgment motion.
23 Gershon Dec., ¶ 6. Yet even before any agreement was reached, Defendants falsely
24 represented to this Court to buttress their Reply:
25      It should be noted that, given the current deadlines for the filing of the pre-
26      trial documents and the pending Motions for Summary Judgment and to
27      Stay, parties have agreed to continue the starting date for the three-week
28      trial from October 11, to November 28, 2016. Despite the stipulation,

Defendants still believe that the more prudent action is to stay this case until February 2017. (Reply, p. 11).

This is not an accurate statement of the facts, nor is it an accurate statement of the proposed stipulation. Gershon Dec., ¶¶ 5, 6.  As the Court now knows, no stipulation was reached nor was one filed with the Court. Gershon Dec., ¶ 8.

### III. THE COURT SHOULD SHORTEN THE TIME FOR FILING SUPPLEMENTAL BRIEFS AND SET A HEARING DEATE ON THE THIRD MOTION FOR SUMMARY JUDGMENT.

When discussing a possible stipulation, Defendants agreed that supplemental briefs relating to the third motion for summary judgment would be filed by September 19, 2016.  Gershon Dec., ¶ 4 and Exs. B, C, D, and E.  As stated in every version of the draft stipulation, "The parties agree that they will have adequate time to prepare these memoranda by September 19, 2016 and therefore agree to shorten time for these submissions in order to proceed in this case as expeditiously as possible."  Nothing has changed and Plaintiffs respectfully request the Court to shorten the time for filing of supplemental briefs on the third summary judgment motion to expedite the hearing and decision on that motion.

### IV. CONCLUSION

Defendants have tried to pull another fast one in their misrepresentation of the non-existent stipulation and their distortion of the parties' negotiations. The Court should disregard any arguments concerning the alleged stipulation. Plaintiffs also ask the Court to shorten the time for filing supplemental briefs on summary judgment, as this is the third time they have done so.

Dated: August 25, 2016         Respectfully submitted,

DISABILITY RIGHTS CALIFORNIA
WESTERN CENTER ON LAW AND POVERTY

By:  _____/s/_____
Elissa Gershon
Attorneys for Plaintiffs

3