Elissa Gershon, State Bar No. 169741
elissa.gershon@disabilityrightsca.org
Anne Hadreas, State Bar No. 253377
anne.hadreas@disabilityrightsca.org
Marilyn Holle, State Bar No. 61530
marilyn.holle@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA  94612
Tel.:  (510) 267-1200
Fax:  (510) 267-1201

Robert D. Newman, State Bar No. 86534
rnewman@wclp.org
Mona Tawatao, State Bar No. 128779
mtawatao@wclp.org
Sue Himmelrich, State Bar No. 110664
shimmelrich@wclp.org
WESTERN CENTER ON LAW AND POVERTY
3701 Wilshire Boulevard, Suite 208
Los Angeles, CA  90010-2826
Tel.:  (213) 487-7211
Fax:  (213) 487-0242

Attorneys for Plaintiffs
JERRY THOMAS, SEAN BENISON, and JUAN PALOMARES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY THOMAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JENNIFER KENT, et al.,<br><br>Defendants. | CASE NO. 14-CV-08013-FMO (AGRx)<br><br>**NOTICE OF REQUEST PURSUANT TO F.R.C.P. 41(a)(2) FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF PENDING ACTION OF PLAINTIFFS JERRY THOMAS, SEAN BENISON, AND JUAN PALOMARES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Ctrm:          6D, 6th Floor<br>Judge:         Hon. Fernando M. Olguin<br>Trial Date:    N/A<br>Action Filed:  10/16/14 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Please take notice that Plaintiffs Jerry Thomas, by and through his *Guardian ad Litem* Beverly Thomas, Sean Benison, and Juan Palomares, hereby submit this Request, pursuant to Fed. R. Civ. P. 41(a)(2); Memorandum of Points and Authorities; and Declaration of Elissa Gershon in support, and request that the Court approve of the proposed dismissal.

**Introduction**

Plaintiffs seek voluntary dismissal of this lawsuit without prejudice because after more than three years of litigation, Defendants Department of Health Care Services and its Director, Jennifer Kent ("the Department") made significant changes to their operation of the Waiver program that satisfy the claims in this lawsuit. The parties then stipulated to dismiss all of Plaintiffs' claims without prejudice on February 7, 2018. ECF No. 346. The Court ordered the parties to revise the stipulation in light of the fact that Plaintiff Thomas has a *Guardian ad Litem*. ECF No. 350. Although Plaintiffs have shared revised drafts of the requisite documents with Defendants, Defendants have refused to respond to Plaintiffs with any proposed changes or permission to file the revised stipulation. Since the parties' motions for attorneys' fees and costs are due to be filed this Friday, March 16, 2018 (ECF No. 351), Plaintiffs hereby unilaterally request a voluntary dismissal of Plaintiffs' claims without prejudice.

**Factual Background**

This lawsuit was initially filed on October 16, 2014. ECF Nos. 1, 4; Declaration of Elissa Gershon ("Gershon Dec.") ¶ 4. Plaintiffs filed their Second Amended Complaint, the operative pleading, on July 7, 2015. Gershon Dec. ¶ 5; ECF No. 70. The lawsuit asserts claims under the Americans with Disabilities Act of 1990 ("ADA"), (42 U.S.C. §§ 12101-12213 (2008)), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), (29 U.S.C. §§ 794-794a (2014)), and

California Government Code section 11135 (Cal. Gov't. Code § 11135 (2011)). *Id.*
Plaintiffs claimed that Defendants' imposition of arbitrary Nursing Facility/Acute
Hospital ("NF/AH") Waiver cost-caps denied Plaintiffs sufficient NF/AH Waiver
services to meet their undisputed needs. *Id.*  Plaintiffs sought declaratory and
injunctive relief, but no money damages. Plaintiffs also sought attorneys' fees under,
*inter alia*, Cal. Code of Civil Procedure § 1021.5.  *Id.* Between 2015 and 2017, the
parties engaged in active litigation, including Defendants' Motion to Dismiss and
Plaintiffs' Motion for Summary Judgment.  ECF Nos. 99, 101, 151, 194.  The
parties also engaged in extensive discovery.  Plaintiffs took 15 depositions, and
defended or participated in 11 depositions taken by Defendants. Defendants
continued to produce documents to Plaintiffs through January, 2018.  Gershon
Dec. ¶ 6.

Approximately two and one-half years after the lawsuit was filed, on May 16,
2017, DHCS received federal approval to renew the Waiver.  Gershon Dec. ¶ 7.
The parties attempted to settle the lawsuit and participated in mediation on October
31, 2017, with Magistrate Judge Jay Gandhi, but the efforts at settlement
subsequently proved unsuccessful.  Gershon Dec. ¶ 8.

Based on events that have occurred since the filing of this lawsuit and
Defendants' recent responses to discovery, Plaintiffs have determined that the aims
of the lawsuit had been largely accomplished.  At the present time and for the next
few years, Defendants will no longer subject Plaintiffs and other Waiver participants
to individual Waiver cost limits and will instead evaluate Waiver participants'
service requests solely under a medical necessity standard.  Gershon Dec. ¶
9.Indeed, in a conference of counsel initiated by Defendants in advance of their
intended motion to dismiss the case, Defendants' counsel represented that the case is
moot, because, "….among other things, the individual cost limits have been

2

removed across-the-board for all Waiver participants, Waiver services are now authorized based solely on medical necessity, and there is no evidence to support the expectation that individual cost limits will be reinstated for Waiver participants, including the three Plaintiffs." Gershon Dec. ¶ 10; Exhibit A. The parties accordingly stipulated to dismiss Plaintiffs' claims without prejudice. ECF No. 346.

After the parties filed their stipulation, the Court held a status conference on February 22, 2018. Gershon Dec. ¶ 11. At the conference, the Court ordered that the parties file "supplemental briefing or an amended stipulation to address any potential concerns there may be in light of the fact that one of the plaintiffs is represented by a guardian ad litem. See, e.g., L.R. 17-1.2." ECF No. 350. Although Plaintiffs revised the stipulation and related documents in accordance with the Court's Order, Defendants have failed to respond, citing only unspecified concern with "certain language" in the revised documents, and proposing an extension of the briefing schedule for the parties' motions for attorneys' fees and costs, which are due to be filed on Friday, March 16, 2018. Gershon Dec. ¶¶ 13-15; ECF No. 351; Exhibit B. Plaintiffs have therefore informed Defendants they intend to proceed unilaterally with the voluntary dismissal without prejudice. Gershon Dec. ¶ 16; Exhibit C. There is no reason to further delay dismissal of this action or resolution of the matter of fees and costs; Defendants' behavior, after already stipulating to dismiss the case without prejudice (ECF No. 346) appears to be a last-minute attempt to buy time for their late-noticed (Gershon Dec. ¶¶ 12, 14; Exhibit B) motion for attorneys' fees and costs.

**Legal Standard**

"[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court." *Hamilton v. Firestone Tire*

*Thomas v. Kent;* No. 2:14-cv-08013 FMO (AGRx) NOTICE OF REQUEST PURSUANT TO F.R.C.P. 41(a)(2) FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF PENDING ACTION OF PLAINTIFFS JERRY THOMAS, SEAN BENISON, AND JUAN PALOMARES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1 *& Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "In ruling on a motion for

2 voluntary dismissal, the District Court must consider whether the defendant will

3 suffer some plain legal prejudice as a result of the dismissal." *Id.* The Ninth Circuit

4 has stated that "[a] district court should grant a motion for voluntary dismissal under

5 Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal

6 prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *accord*

7 *WPP Luxembourg Gamma Three Sari v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 n.6

8 (9th Cir. 2011), *cert. denied*, 564 U.S.1034 (2012). Legal prejudice "means

9 'prejudice to some legal interest, some legal claim, some legal argument.'" *Smith*,

10 263 F.3d at 976 (quoting *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir.

11 1996)).

12 **Dismissal Will Not Prejudice Defendants**

13          Given Defendants' changed practices as summarized above, Plaintiffs wish to

14 dismiss their lawsuit. There is no reason to consume the resources of this

15 Court and the parties adjudicating the merits when the Plaintiffs have already

16 achieved the primary goals of this litigation through Defendants' "voluntary"

17 changes. Moreover, since Defendants have indicated their intent to seek attorneys'

18 fees and costs against Plaintiffs and their nonprofit co-counsel, it would be

19 imprudent to continue litigation at this juncture.  *See* Gershon Dec. ¶ 13. Because

20 Defendants would not agree to the revised, stipulated dismissal proposed by

21 Plaintiffs (Gershon Dec. ¶¶ 14-16), Plaintiffs now request that this Court dismiss the

22 action pursuant to Rule 41(a)(2).

23          The law provides that the Court should grant dismissal unless Defendants can

24 show "plain legal prejudice." *Smith*, 263 F.3d at 975. "Legal prejudice" means

25 "prejudice to some legal interest, some legal claim, [or] some legal argument." *Id.* at

26 976 (quoting *Westlands*, 100 F.3d at 97). Cases considering "legal prejudice" "focus

27

28

4

1  on the rights and defenses available to a defendant in future litigation." *Westlands*,

2  100 F.3d at 97. "For example, in determining what will amount to legal prejudice,

3  courts have examined whether a dismissal without prejudice would result in the loss

4  of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.*

5  at 97; *Smith*, 263 F.3d at 976. "Other factors commonly considered include the

6  defendant's effort and expense involved in preparing for trial, excessive delay and

7  lack of diligence on the part of the plaintiff in prosecuting the action, insufficient

8  explanation of the need to take a dismissal, and the fact that summary judgment has

9  been filed by the defendant." *Moore v. Goodyear Tire & Rubber Co.*, No. CV–11–

10  01174–PHX–NVW, 2011 WL 3684508, at *3 (D. Ariz. Aug. 23, 2011) (citing *U.S.*

11  *v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999).

12      None of the above factors are present in this case. Defendants will not suffer

13  any prejudice to their legal interests, claims, or arguments from a voluntary

14  dismissal. Indeed, Defendants previously stipulated to dismiss Plaintiffs' claims

15  without prejudice. ECF No. 346.  On the contrary, Plaintiffs' motion is intended to

16  facilitate an end to the litigation without preclusive effect or prejudice as to any

17  party. *See*, *e.g.*, *Nat'l R.R. Passenger Corp. v. IAMAW*, 915 F.2d 43, 48 (1st Cir.

18  1990) ("[T]he dismissal 'carries down with it previous proceedings and orders in the

19  action, and all pleadings, both of plaintiff and defendant, and all issues, with respect

20  to plaintiff's claim.'" citations omitted)).

21      The law is clear that no "prejudice" arises from the lack of a final judgment

22  on the merits, or from the possibility that Plaintiffs could file a new lawsuit if

23  Defendants abandon their reforms in the future. "Uncertainty because a dispute

24  remains unresolved is not legal prejudice." *Westlands*, 100 F.3d at 97. "[T]he threat

25  of future litigation which causes uncertainty is insufficient to establish plain legal

26  prejudice." *Id.* at 96; *see also Hamilton*, 679 F.2d at 145 ("Plain legal prejudice . . .

27

5

28  *Thomas v. Kent;* No. 2:14-cv-08013 FMO (AGRx) NOTICE OF REQUEST PURSUANT TO F.R.C.P.
41(a)(2) FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF PENDING ACTION OF PLAINTIFFS
JERRY THOMAS, SEAN BENISON, AND JUAN PALOMARES; Memorandum of POINTS AND
AUTHORITIES IN SUPPORT

1  does not result simply when defendant faces the prospect of a second lawsuit or

2  when plaintiff merely gains some tactical advantage.").

3      Nor have Defendants suffered any "prejudice" from the legal expenses they

4  incurred fighting Plaintiffs' litigation. The Ninth Circuit has "explicitly stated that

5  the expense incurred in defending against a lawsuit does not amount to legal

6  prejudice." *Westlands*, 100 F.3d at 97.

7      Given the complete lack of "plain legal prejudice" to Defendants, the Court

8  should grant the requested dismissal.

9  **The Court Should Dismiss Plaintiffs' Claims Without Prejudice**

10     In general, a dismissal pursuant to Rule 41(a)(2) is without prejudice. *See*

11  Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this

12  paragraph (2) is without prejudice."); *Westlands*, 100 F.3d at 96 ("Federal Rule of

13  Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and

14  subject to any terms and conditions the court deems proper, to dismiss an action

15  without prejudice at any time."). In this case, a dismissal without prejudice is

16  particularly appropriate.

17     Defendants have "voluntarily" changed their conduct in response to the

18  lawsuit, implementing many of the improvements Plaintiffs requested when they

19  renewed the Waiver and eliminated the cost limits. As such, Defendants are not

20  under any injunction or contractual obligation to preserve their recent changes. In

21  theory, therefore, Defendants are free to abandon all their improvements, and return

22  to the status quo ante.

23     Plaintiffs intend to closely monitor Defendants' ongoing administration of the

24  Waiver program, and need the flexibility to initiate new litigation against

25  Defendants should it ever become necessary. Accordingly, the dismissal should be

26

27                                              6

28  *Thomas v. Kent;* No. 2:14-cv-08013 FMO (AGRx) NOTICE OF REQUEST PURSUANT TO F.R.C.P.
41(a)(2) FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF PENDING ACTION OF PLAINTIFFS
JERRY THOMAS, SEAN BENISON, AND JUAN PALOMARES; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT

1    without prejudice. Hopefully, the possibility of renewed litigation will deter

2    Defendants from resuming their past discriminatory behavior.

3    **Conclusion**

4        For the foregoing reasons, Plaintiffs respectfully request that this Court

5    dismiss their claims without prejudice.

6

7    DATED:  March 13, 2018       DISABILITY RIGHTS CALIFORNIA

8                                      WESTERN CENTER ON LAW AND POVERTY

9

10                                      By:  _____*/s/*_____

11                                           Elissa Gershon

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Thomas v. Kent;* No. 2:14-cv-08013 FMO (AGRx) NOTICE OF REQUEST PURSUANT TO F.R.C.P. 41(a)(2) FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF PENDING ACTION OF PLAINTIFFS JERRY THOMAS, SEAN BENISON, AND JUAN PALOMARES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT